IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BECKWITH, ) | CASE NO: 1:10 CV1683 |
| ) | |
| Petitioner, ) | |
| ) | JUDGE DONALD C. NUGENT |
| v. ) | (Magistrate Judge McHargh) |
| ) | |
| KEITH SMITH, ) | |
| Warden, ) | **ORDER ADOPTING** |
| ) | **MAGISTRATE'S REPORT AND** |
| Respondent. ) | **RECOMMENDATION** |
| ) | |
| ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Kenneth S. McHargh. The Report and Recommendation (ECF # 8), issued on April 7, 2011, is hereby ADOPTED by this Court. Petitioner filed a writ of habeas corpus, pursuant to 28 U.S.C. §2254, seeking review of the Cuyahoga County (Ohio) Court of Common Pleas' denial of his motion to withdraw his guilty plea. Petitioner asserts that in denying his motion, the trial court abused its discretion and violated his right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution. Petitioner also contends that he was denied effective assistance of counsel. He contends that his counsel provided erroneous advice regarding the sentence, which played a substantial part in his decision to plead guilty.

The Ohio Court of Appeals, in affirming the decision of the trial court, put forth a factual history that shows Petitioner's Counsel competently advocated on his behalf, and Petitioner knowingly, voluntarily, and intelligently entered his guilty pleas to each count. Additionally, Petitioner's writ of habeas corpus is barred because it was untimely filed. Petitioner filed his

motion to withdraw his guilty plea in the trial court on March 26, 2008. The statute of limitations had run by March 7, 2008, one year after his conviction became final.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court

must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

The Magistrate Judge recommended that Respondent Smith's Motion to Dismiss be granted. No timely objections have been filed. The Court has reviewed *de novo* the Report and Recommendation, *see Ohio Citizen Action v. City of Seven Hills*, 35 F. Supp. 2d 575, 577 (N.D. Ohio 1999), and ADOPTS the Report and Recommendation in its entirety.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: June 22, 2011